IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01791-BNB

RUDY STANKO, individually and on behalf of similarly situated prisoners,

Plaintiff,

v.

BLAKE DAVIS, individually and in his official capacity as a warden,
MICHAEL K. NALLEY, individually and in his official capacity as Regional Director,
HARLEY LAPPIN, individually and in his official capacity as Director, and
DEFENDANTS 1X THROUGH 6X, individually and in he/she's [sic] official capacity,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 8 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Rudy Stanko, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. On August 24, 2007, he filed a Prisoner Complaint (docket number three). On September 14, 2007, he filed an amended Prisoner Complaint (docket number nine). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006), and has paid the $64.00 initial partial filing fee.

The Court must construe the complaints liberally because Mr. Stanko is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Stanko will be ordered to file a second amended complaint.

The Court has reviewed the complaints filed by Mr. Stanko and finds that the complaints do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In both the original complaint and the amended complaint, Mr. Stanko refers the Court to a "main complaint," *see* complaint and amended complaint at 4, for the facts in support of his claims. However, Mr. Stanko fails to make clear what, if any, document he considers to be his main complaint. He also fails to make clear what claim is asserted pursuant to which statute. He further fails to make clear what each defendant

2

did to violate his constitutional rights and which constitutional rights were violated. As a result, Mr. Stanko fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Therefore, Mr. Stanko will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Stanko is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. In the second amended complaint he will be directed to file, he must assert all his claims against all the defendants he intends to sue, and he must include all necessary factual allegations in support of those claims. He may not reference a separate document for those factual allegations. He must make clear which claim is asserted pursuant to which statute. He also must allege each defendant's personal participation in the alleged constitutional violations and what constitutional rights he believes were violated. In order for Mr. Stanko to state a claim for relief, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Stanko file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Stanko, together with a copy of this order, two copies of the following form to be used in submitting the

second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Stanko fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint, the amended complaint, and the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Petition for Writ of Habeas Corpus Ad Testificadum [sic]" filed on September 13, 2007 (docket number six), in which Mr. Stanko asks to appear before the Court at a preliminary injunction hearing is denied as moot because in an order entered on September 20, 2007 (docket number twelve), the Court denied his requests for injunctive relief.

DATED January 18, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01791-BNB

Rudy Stanko
Reg. No. 18259-013
FCI - Sandstone
PO Box 1000
Sandstone, MN 55072

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/18/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk