IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01791-BNB

RUDY STANKO, individually and on behalf of similarly situated prisoners,

Plaintiff,

v.

BLAKE DAVIS, individually and in his official capacity as a warden,
MICHAEL K. NALLEY, individually and in his official capacity as Regional Director,
HARLEY LAPPIN, individually and in his official capacity as Director, and
DEFENDANTS 1X THROUGH 6X, individually and in he/she's [sic] official capacity,

Defendants.

## ORDER OF DISMISSAL

Plaintiff, Rudy Stanko, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Prison Camp in Duluth, Minnesota. On August 24, 2007, he filed a Prisoner Complaint. On September 14, 2007, he filed an amended Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and various statutes. He was granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006), and has paid the $64.00 initial partial filing fee.

On January 18, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Stanko to file within thirty days a second amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland directed Mr. Stanko to make clear what claim is asserted pursuant to which

statute. He also directed Mr. Stanko to make clear what each defendant did to violate his constitutional rights and which constitutional rights were violated.

He reminded Mr. Stanko that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. He pointed out that in the second amended complaint Mr. Stanko would be directed to file, he must assert all his claims against all Defendants he intends to sue, and he must include all necessary factual allegations in support of those claims. He informed Mr. Stanko that he may not reference a separate document for those factual allegations. He pointed out that he must allege each Defendant's personal participation in the alleged constitutional violations and what constitutional rights he believes were violated.

On February 26, 2008, Mr. Stanko filed an amended civil rights complaint pursuant to **Bivens** and 28 U.S.C. § 1331. He also asserts jurisdiction pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701-706; the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680; Rule 38(b) of the Federal Rules of Criminal Procedure; Rule 23(a) of the Federal Rules of Appellate Procedure; the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb-2000bb(4); the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134; and 42 U.S.C. §§ 1985(3) and 1988. As relief, he asks for compensatory and punitive money damages.

The Court must construe the second amended complaint liberally because Mr. Stanko is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

2

be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint will be dismissed.

The Court has reviewed the second amended complaint filed by Mr. Stanko and finds that the second amended complaint still does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Stanko to state a claim for relief, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific

legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Although, in the second amended complaint he filed, Mr. Stanko does attempt to make clear what claim is asserted pursuant to which statute, he still fails to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Stanko places the majority of his factual allegations in the section on "Nature of the Case." He then refers to those allegations in some claims by citing to numbered paragraphs, e.g., claims one, three, four, five, and six, and in other claims fails to do so, e.g., claims two, seven, and eight. In the claims in which he fails to cite to numbered paragraphs, he apparently expects Defendants to review the section on the "Nature of the Case" to determine which facts apply to those claims and against which Defendants those claims are being asserted. In the January 18, 2008, order for a second amended complaint Magistrate Judge Boland informed Mr. Stanko that he may not reference a separate document for his factual allegations. By the same token, he may not reference a separate section for his factual allegations if by doing so he fails to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and against which Defendants those claims are asserted so that the appropriate Defendants may respond to those claims.

Mr. Stanko has failed in the second amended complaint to set forth a short and plain statement of his claims showing that he is entitled to relief. ***See*** Fed. R. Civ. P. 8(a)(2). A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th

4

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and, therefore, must be dismissed. Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-01791-BNB

Rudy Stanko
Reg. No. 18259-013
FCI - Sandstone
PO Box 1000
Sandstone, MN 55072

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/10/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk