FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2009

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01791-BNB

RUDY STANKO, individually and on behalf of similarly situated prisoners,

    Plaintiff,

v.

BLAKE DAVIS, individually and in his official capacity as a Warden,
MICHAEL K. NALLEY, individually and in his official capacity as Regional Director,
HARLEY LAPPIN, individually and in his official capacity as Director, and
DEFENDANTS 1X THROUGH 6X, individually and in he/she's [sic] official capacity,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Rudy Stanko, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. He filed *pro se* an amended Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and various statutes. He was granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006), and paid the $64.00 initial partial filing fee.

On March 10, 2008, this Court dismissed the amended complaint and the instant action without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. On October 23, 2008, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) reversed and remanded for further proceedings. On December 22, 2008, the Court reinstated the instant action. On December 23, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Stanko to show cause within thirty days why this

action should not be dismissed for his failure to comply with the September 18, 2007, order either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. On January 13, 2009, Mr. Stanko submitted to and filed with the Court a document titled "Declaration in Support of Show Cause" in response to Magistrate Judge Boland's December 23 order.

The Court must construe the January 13, 2009, response to the show-cause order liberally because Mr. Stanko is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed.

In an order entered on September 18, 2007, Magistrate Judge Boyd N. Boland granted Mr. Stanko's motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) in this action. Pursuant to § 1915(b)(1), Mr. Stanko was ordered to pay the full amount of the required $350.00 filing fee regardless of the outcome of this action, and directed to pay an initial partial filing fee of $64.00 within thirty days and the balance of the filing fee in installments.

Pursuant to 28 U.S.C. § 1915(b)(2), Mr. Stanko is required to make "monthly payments of 20 percent of the preceding month's income credited to [his] account" until the filing fee is paid in full. In the Court's September 18, 2007, order, he was instructed either to make the required monthly payments or to show cause each month why he

has no assets and no means by which to make the monthly payment. In order to show cause, Mr. Stanko was directed to file a current certified copy of his inmate trust fund account statement. He was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this action.

On September 27, 2007, Mr. Stanko objected to the September 18, 2007, order, directing him to pay an initial partial filing fee of $64.00 within thirty days. In an order filed on October 4, 2007, the Court overruled Mr. Stanko's objection to the September 18 order, and allowed him thirty days in which to comply with the September 18 order if he wished to pursue his claims. On December 28, 2007, Plaintiff's appeal from the October 4 order was dismissed for failure to prosecute. On January 2, 2008, Mr. Stanko paid the $64.00 initial partial filing fee.

Following the January 2, 2008, payment of the $64.00 initial partial filing fee, Mr. Stanko has made no monthly filing fee payments and no efforts to show cause why he has no assets and no means by which to make the monthly payments. Therefore, on December 23, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Stanko to show cause why this action should not be dismissed for failure to comply with the Court's September 18, 2007 order and the requirements of 28 U.S.C. § 1915(b)(2).

In his January 13, 2009, response to the December 23, 2008, order to show cause, Mr. Stanko asserts, in pertinent part, as follows:

> 6. Beginning in the month of September 2008, I consented to the Bureau of Prisons to use 40%, not 20%, of my trust account for payment to the U.S. Court(s) for payment for the debts incurred in the PLRA.
>
> 7. According to the attachment I have paid the following:

3

|     |                              |
| --- | ---------------------------- |
| 1.  | $ 29.48 in September 20th and 22nd |
| 2.  | 60.00 on September 19th      |
| 3.  | 120.00 on October 1st        |
| 4.  | 10.50 on October 16th        |
| 5.  | 27.29 on October 23rd        |
| 6.  | 18.00 on November 1st        |
| 7.  | 36.00 on November 1st        |
| 8.  | 40.00 on November 19th       |
| 9.  | 39.90 on December 1st        |
| 10. | 1.20 on December 10th        |
| 11. | 23.89 on December 12th       |
| 12. | 10.00 on December 19th       |
| 13. | __8.80__ on December 23rd    |
|     | 423.79                       |

Response to court order to show cause at 2.

Although the uncertified trust fund account statement dated January 6, 2009, that Mr. Stanko attaches to his response does show payments made from his trust fund account, none of those payments have been received by this Court in this action. As previously stated, a review of this Court's docketing records shows that, other than payment of his $64.00 initial partial filing fee, Mr. Stanko has made no monthly filing fee payments to this Court in this action and no efforts to show cause to this Court in this action why he has no assets and no means by which to make the monthly payments.

Thinking that Mr. Stanko mistakenly may have forwarded to the Tenth Circuit the monthly filing fee payments intended for this Court, the Court also checked the docketing records for the Tenth Circuit in Mr. Stanko's appeal from the March 10, 2008, dismissal of this action. However, neither this Court nor the Tenth Circuit's docketing records indicates that Mr. Stanko has made any payments toward his $455.00 appellate filing fees. Moreover, on January 16, 2009, the Tenth Circuit issued a letter to

Mr. Stanko indicating that, although on October 23, 2008, he was granted leave to proceed on appeal without prepayment of the appellate filing fees, to date he had not made any appellate filing fee payments. The Court also checked for misdirected filing fee payments the docketing records for Mr. Stanko's other civil cases initiated in this Court, but failed to find any such misdirected payments. *See Stanko v. Davis*, No. 07-cv-01635 (D. Colo. Dec. 10, 2007) (28 U.S.C. § 2241 action; $5.00 filing fee paid; construed as a civil rights action pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971); dismissed with prejudice for failure to cure and for failure to prosecute when Mr. Stanko failed either to pay the $345.00 balance owed or to submit an *in forma pauperis* motion and a certified copy of his trust fund account statement, or to cure other deficiencies); *Stanko v. Davis*, No. 08-cv-02615-BNB (filed Dec. 2, 2008) (pending § 2241 action, $5.00 filing fee paid,); and *Stanko v. Davis*, No. 08-cv-02659-PAB-CBS (filed Dec. 8, 2008) (pending § 2241 action, granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915).

Therefore, Mr. Stanko's "Declaration in Support of Show Cause" and attached January 6, 2009, copy of his trust fund account statement fail to show cause as directed. Specifically, Mr. Stanko has failed to comply with the directives of the September 18, 2007, order, which requires him each month to consult his trust fund account statement, and either to request that a monthly filing fee payment be made to the Court if he has sufficient funds or to send a current certified copy of his trust fund account statement to show each month why he has no assets and no means by which

5

to make the monthly payment. Mr. Stanko may not satisfy his monthly obligation to this Court with the submission of a current copy of his trust fund account statement.

In *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders to make partial payments towards his filing fee or show cause why he could not do so. In affirming the district court's order dismissing the case, the Tenth Circuit began its analysis by noting:

> The issue here is not money per se. . . . The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.
>
> * * *
>
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

*Id.* at 1326-27 (internal citations and quotations omitted). Although the misconduct documented in the *Cosby* case was substantially more egregious than the misconduct here, the Tenth Circuit noted that its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice." *Id.* at 1334.

Mr. Stanko has failed to comply with the Court's September 18, 2007, order. He obviously is aware of his continuing obligation to make monthly payments or show cause why he is unable to do so because he contends in the January 13, 2009,

response that he has made monthly filing fee payments, despite the fact that the Court has confirmed that none of these payments was sent to or received by this Court in this action. Local Rule of Practice 41.1, D.C.COLO.LCivR, states, in pertinent part:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge . . . may enter an order of dismissal with or without prejudice.

Before dismissing a case under Fed. R. Civ. P. 41(b), the Court must consider and address the factors set forth in **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. **See Cosby**, 351 F3. at 1333.

The Court finds that any prejudice suffered by Defendants as a result of Mr. Stanko's failure to comply with the Court's orders is minimal and, without more, would be insufficient to warrant dismissal. **See Ehrenhaus**, 965 F.2d at 921. The Court does note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous prisoner litigation. **See Williams v. Roberts**, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, like the courts, are burdened by frivolous civil rights cases. Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

With regard to the second factor, Mr. Stanko's continued failure to comply with a Court order has caused disruption in the Court's docket. Rather than attending to the merits of this and other cases on the Court's docket, the Court has been required to devote attention to Plaintiff's failure to comply with a Court order and with the requirements of 28 U.S.C. § 1915(b). In addition, as noted in the *Cosby* case, Plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules toward *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the Court to exercise its case administration authority. Where, as here, a party flaunts a court's orders to comply only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, Mr. Stanko attempts to show that he has given the BOP permission to withdraw funds from his trust fund account to make filing fee payments. However, it is Plaintiff's responsibility to comply with the directives of 28 U.S.C. § 1915 and with this Court's orders. Although the correctional facility must cause the money to be deducted from the account, Plaintiff is responsible for determining if he has sufficient funds to make a deduction in the first place and for making sure that the funds are sent to the appropriate court. If Plaintiff is without sufficient funds, he must show cause why he cannot pay. In order to show cause, he must file a current certified copy of his trust fund account statement. In his January 13, 2009, response to the December 23, 2008, show-cause order, Plaintiff fails to address his failure to show cause to this Court if he was unable to make monthly filing fee

payments; the copy he provides of his trust fund account is from August 12, 2008 to December 31, 2008, and only covers a portion of the time in question; he does not suggest that he has attempted to cause copies of his account statement to be filed during the entire time in question; and he does not suggest that prison officials have interfered with his ability to file copies of his account statements. *See Cosby*, 351 F.3d at 1331. To the contrary, it is clear from Plaintiff's January 13 response that he is able to obtain copies of his account statement. Plaintiff alone is responsible for his noncompliance.

Mr. Stanko had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements. On September 18, 2007, Plaintiff was allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He was instructed to pay a $64.00 initial partial filing fee and directed either to pay the balance of the filing fee in installments through required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. He was warned, both on September 18 when he was granted leave to proceed in this Court pursuant to § 1915 and on October 4, 2007, when his objection to the order requiring him to pay the $64.00 initial partial filing fee was overruled, that failure to comply with the September 18 order would result in dismissal of his case without further notice. Plaintiff has failed to make any adequate showing excusing his failures to comply with this Court's orders to make his monthly payments or show cause why he could not.

Finally, the Court concludes that no sanction less than dismissal would be effective. Plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction

would be ineffective. Because the injury from Plaintiff's failure to comply is principally to the judicial system, and not to Defendants, a sanction limiting Plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Under these circumstances, the Court is convinced that dismissal of this case without prejudice is an appropriate sanction. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for the failure of Plaintiff, Rudy Stanko, to comply with the September 18, 2007, order and the requirements of 28 U.S.C. § 1915(b)(2) either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment.

DATED at Denver, Colorado, this 11 day of Feb, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01791-BNB

Rudy Stanko
Reg. No. 18259-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/2/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk